UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DWAYNE BERGER, | ) | CASE NO. 4:09 CV 0784 |
| | ) | |
| Petitioner, | ) | JUDGE ANN ALDRICH |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J.T. SHARTLE, | ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner Dwayne Berger filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against the United States of America. Mr. Berger, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), challenges the "'hypothetical' jurisdiction of the inferior district court." (Pet. at viii.) He seeks immediate release or, in the alternative, transfer to a halfway house.

*Background*[1]

Mr. Berger was indicted by a grand jury in the United States District Court for the Northern District of Georgia, along with Marsarah Kelly and Akiba Rakilam, and charged with conspiracy to rob a bank in violation of 18 U.S.C. § 1951, robbery by assault of another by use of a dangerous weapon in violation of 18 U.S.C. § 2113(a) and (d), and aiding and abetting a crime of violence in violation of 18 U.S.C. § 2.  He pleaded not guilty to the indictment and went to trial on September 27, 2001.

The jury returned a verdict of not guilty on the charge of aiding and abetting his co-conspirators with making false statements to a firearm dealer, but it could not reach a verdict on the remaining charges.  When Mr. Berger was tried again, the jury found him guilty on all counts.  He was sentenced to a term of 45 months imprisonment, followed by a consecutive term of 84 months.  Mr. Berger appealed his sentence to the Eleventh Circuit Court of Appeals on February 11, 2002.  The district court's judgment was affirmed on July 22, 2002.

In February 2003, Mr. Berger filed a pro se Rule 33 motion for a new trial based on newly discovered evidence.  An evidentiary hearing was held before United States District Court Judge Orida D. Evans on April 3, 2003.  Judge Evans denied petitioner's motion for a new trial because the affidavit provided in support of his motion was recanted.  In consideration of the recantation, Judge Evans determined there was no newly discovered evidence that would warrant a new trial. Id.  The district court further reasoned that, although there was not an overwhelming

---

[1] To provide a clearer picture of the procedural history in this case the court relies, in part, on the detailed facts outlined in United States v. Berger, 375 F.3d 1223 (11th Cir. 2004), affirming petition's conviction and sentence on direct appeal. See Myers v. United States, 198 F.3d 615, 619 (6th Cir.1999)(proper for federal court in a post-conviction proceeding to rely on factual conclusions given on direct appeal).

amount of evidence offered against Mr. Berger, there was nothing to indicate that the testimony offered at trial was false.

Petitioner timely appealed the district court's denial of his post-conviction, post-appeal Rule 33 motion for a new trial on the ground that he should have been appointed counsel. He also argued, for the first time on appeal, that the district judge erred by not recusing herself. The Eleventh Circuit held that the district court did not abuse its discretion by considering the complexity of Mr. Berger's appeal and then refusing to grant appointed counsel. United States v. Berger, 375 F.3d 1223 (11th Cir. 2004).

A petition for writ of habeas corpus was filed in this court pursuant to 28 U.S.C. § 2241. Berger v. United States, No. 4:05cv2175 (N.D. Ohio, filed Sep. 14, 2005)(Gaughan, J.) Mr. Berger refuted Judge Evans's determination there was no newly discovered evidence warranting a new trial. He claimed that during the evidentiary hearing on his motion for a new trial Ms. Kelly never testified that her signed affidavit, which contradicted her trial testimony, was not true, but, instead she chose to invoke her Fifth Amendment right against self-incrimination when questioned about those statements. Judge Gaughan issued a Memorandum of Opinion and Order dismissing the petition on December 12, 2005. She determined Mr. Berger was not entitled to § 2241 relief because he failed to establish his remedy under 28 U.S.C. § 2255 was inadequate or ineffective to test the legality of his detention. Petitioner appealed Judge Gaughan's opinion, which the Sixth Circuit affirmed on November 17, 2006.

*Analysis*

In his present petition, Mr. Berger argues he is entitled to habeas relief because he has never challenged the jurisdiction of the district court. Arguing he is entitled to raise

3

jurisdictional challenges at any time, Mr. Berger now presents the following questions for review, which he believes entitle him to release from prison:

> 1. Does Congressional designation exist for the place where a trial shall be held within Article III § 2 cl 3 for the alleged crimes that were committed in Georgia?
>
> 2. Does Article III of the Constitution authorize Congressional use of the term "Georgia" as found in 28 U.S.C. 90 for crimes committed <u>within</u> any state?
>
> 3. Can any inferior court issue any order or hear a criminal case when the "first and fundamental question before the court, that of jurisdiction," has not been asked, answered, evidenced, or established as required by law and by Supreme Court mandate?
>
> 4. Can there be a "case of controversy" if Article III of the Constitution denies constitutional and/or statutory jurisdiction of the District Court to entertain the suit for crimes committed with the state?
>
> 5. How can Congress confer on the Supreme Court ordain of establish inferior federal court and fix the jurisdiction thereof when the Supreme Court madate [sic] commands a denial of the same?
>
> 6. Can an indictment, with no evidence of a complaint, signed by a US attorney and a grand jury foreperson, neither having first hand knowledge of the allegations therein, confer jurisdiction upon the District Court in order to confer jurisdiction on the court to hear the matter?

(Pet. at ix.)  He asserts the "lower District Court only has or can obtain jurisdiction from Congress." (Pet. at vi.)  Based on this premise, Mr. Berger maintains his rights were violated because "this mandate" was ignored by the Northern District Court of Georgia.

*28 U.S.C. § 2243*

4

Upon application for a writ of habeas corpus, a district is tasked to immediately "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, <u>unless it appears from the application that the applicant or person detained is not entitled thereto</u>." 28 U.S.C. § 2243 (emphasis added). Based on the facts alleged, petitioner is not currently entitled to the relief he seeks from this court.

*28 U.S.C. § 2241*

When a federal prisoner seeks to challenge the imposition of his sentence, on grounds the sentence was imposed "in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. <u>See</u> 28 U.S.C. § 2255; <u>Charles v. Chandler</u>, 180 F.3d 753, 755-56 (6th Cir.1999); <u>Capaldi v. Pontesso</u>, 135 F.3d 1122, 1123 (6th Cir.1998).

A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." <u>See</u> 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); <u>Charles</u>, 180 F.3d at 755-56; <u>Capaldi</u>, 135 F.3d at 1123.

Mr. Berger now believes that because he never before challenged the sentencing court's jurisdiction, he is now entitled to raise the issue without encumbrance. This singular fact does not, however, establish that his right or remedy under § 2255 is inadequate or ineffective. A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file

5

a second or successive motion to vacate. <u>Peterman</u>, 249 F.3d at 461. Furthermore, unlike other prisoners who have obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, <u>see</u>, <u>e.g.</u>, <u>In re Davenport</u>, 147 F.3d 605, 609, 611 (7th Cir.1998), Mr. Berger had the opportunity to raise this claim in his prior § 2255 motion to vacate.

## *Conclusion*

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. 2243. Further, the court certifies that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

                                                                         **s/Ann Aldrich**

                                                                         ANN ALDRICH
                                                                         UNITED STATES DISTRICT JUDGE

Dated: <u>July 24, 2009</u>

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith."